## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ANITA NAQUIN**

**CIVIL ACTION**

**VERSUS**

**MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY**

**NO. 07-104-FJP-CN**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, January 24, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ANITA NAQUIN**

**CIVIL ACTION**

**VERSUS**

**MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY**

**NO. 07-104-FJP-CN**

## MAGISTRATE JUDGE'S REPORT

Plaintiff Anita Naquin seeks review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits (DIB) under Title II and for Supplemental Security Income (SSI) payments under Title XVI of the Social Security Act. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

In making that final decision, the Administrative Law Judge (ALJ) found at step two of the five-step sequential analysis set forth in 20 C.F.R. § 416.920(b)-(f)[1] that plaintiff did not have a severe mental impairment, but found that plaintiff's frozen left shoulder, degenerative joint disease, and degenerative disc disease did constitute severe impairments, however they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 13-14, Findings 3 and 4.)  Therefore, the ALJ went on to assess plaintiff's residual functional capacity and found at step four that plaintiff's impairments did not prevent her from performing her past relevant work, and thus was not disabled. (Tr. 14-18, Finding 6.)

---

[1] Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988).

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff protectively filed an application for SSI payments on February 26, 2003, and applied for DIB on March 11, 2003, claiming an inability to work since November 1, 2001, due to back, shoulder, and hip injuries; post traumatic stress disorder (PTSD); a panic and anxiety disorder; depression; hematuria; and kidney stones (Tr. 48, 82, 277.) The applications were denied initially and a hearing was held before an ALJ on February 8, 2006. Plaintiff, who was represented by counsel, and a vocational expert (VE) appeared and testified at the hearing. (Tr. 30, 283-313.) On May 30, 2006, the ALJ denied plaintiff's claim, and found that plaintiff could perform her past relevant work as a file clerk, bank teller, and title clerk. (Tr. 18, 61-65.) Plaintiff's request for review was denied by the Appeals Council; therefore, the ALJ's decision became a final decision of the Commissioner on December 18, 2006.

## **ANALYSIS**

In reviewing the ALJ's decision to deny disability insurance, the Court is limited to a determination of whether the decision was supported by substantial evidence existing in the record as a whole and whether the ALJ applied the proper legal standards.[2] In applying this "substantial evidence" standard, the Court may not reweigh the evidence in the record, nor try the issues de novo, nor substitute its judgment for the ALJ's even if the evidence preponderates against the ALJ's decision.[3] However, the substantial evidence standard of review is not a mere rubber stamp for the ALJ's decision and involves more than a

---

[2] Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988).

[3] Id.

search for evidence supporting the ALJ's findings.[4] The Court must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the ALJ's findings.[5]

Further, this deferential standard of review is applicable only to the ALJ's findings of fact and not to any errors of law.[6] Failure to apply the correct legal standards or to provide the reviewing court with a sufficient basis to determine that the correct legal principles have been followed is grounds for reversal.[7]

In the instant case, plaintiff argues that the ALJ applied an incorrect legal standard in concluding that her claimed mental impairment did not constitute a severe impairment. In concluding that the claimant's mental impairment did not constitute a severe impairment, the ALJ states that plaintiff's mental impairment was not severe as there was no objective evidence to support her panic attacks and that there was no evidence to support a diagnosis of post traumatic stress disorder. (Tr.13-14.) Further, defendant concludes his argument relative to plaintiff's mental impairment by simply stating that the record as a whole establishes that plaintiff does not have a "severe" mental impairment. Both plaintiff and defendant accuse each other of picking and choosing parts of the record to support their argument. The Court suggests that both are guilty of this act in this instance. A cursory review of the record indicates that plaintiff's ongoing mental problems and the medications she is taking for them is substantial. Further, the degree of her mental

---

[4] Cook v. Heckler, 750 F.2d 391, 393 (5th Cir. 1985).

[5] Id.

[6] Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982)(relying on prior Fifth Circuit authority).

[7] Id.

impairment was commented on by many physicians. Plaintiff's treating physicians, Dr. Broussard, Dr. Brunet and Dr. Feldman all stated their concern for plaintiff's mental condition.[8] Defendant argues that these physicians' comments should not be given much weight because they were not specialists in the field of psychiatry and should not be given much weight. However, while the Court recognizes that these treating physicians were not psychiatrist or specialists and that an ALJ may give greater weight to an expert in the relative field, these statements cannot simply be ignored.[9]

Social Security Ruling (SSR) 96-3p states that an impairment is considered severe if it "significantly limits an individual's physical or mental abilities to do basic work activities." The Fifth Circuit has construed the severity regulation as setting the following standard for non-severity:

> An impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.[10]

The ALJ sporadically discusses the psychiatric medical records of plaintiff, but never mentions the "slight abnormality" standard in his decision, nor the case of Stone v. Heckler.

---

[8] Dr. Broussard's Records, Tr. 107-142;  Dr. Brunet's Records,  Tr. 143-161; Dr. Feldman's Records, Tr. 101-106.

[9] See Moore v. Sullivan, 919 F.2d 901,905 (5th Cir. 1990) (describing the weight given to physicians' opinions and note that specialists' opinion are entitled to more weight than nonspecialists' opinions).  By implication the opinions of nonspecialists are not to be ignored by the ALJ as suggested by Defendant. These physicians were plaintiff's treating physicians and the regulations state that the ALJ must evaluate every medical opinion received 20 C.F.R. § 404.1527(d). Further, Fifth Circuit has held that "ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment and responses should be accorded considerable weight.  See Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985.)

[10] Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985); 20 C.F.R. § 404.1520(c).

The decision does, however, contain a "canned" recitation of the applicable law, which the Court has noticed has recently been the *new format* for decisions.  This "applicable law" section of the decision cites to the severity regulation in setting forth the 5-step sequential evaluation process, however the ALJ does not refer to this standard or the standard set forth in Stone v Heckler in his analysis.  The burden lies on the ALJ to establish that the correct standard was applied.  The Fifth Circuit has held that a reviewing court must assume that the ALJ and the Appeals Council applied an incorrect standard to the severity requirement unless the Stone v. Heckler standard is either referenced or expressly set forth in the ALJ's decision.[11]  As stated in Hampton, the Fifth Circuit has repeatedly reversed and remanded cases where, as here, the ALJ relied solely on the above-quoted language of the severity regulation without giving any indication that the Stone v. Heckler construction of this regulation was followed and applied.[12]  However, the Fifth Circuit has also stated that,

> "Stone does not require a wholesale remand of all severity cases.  A case will not be remanded simply because the ALJ did not use "magic words.  We remand only where there is no indication the ALJ applied the correct standard.  We must read the opinion of the ALJ carefully to ensure he or she used the "slight impairment" standard in the nonseverity determination."[13]

In the instant case, it is unclear from the decision if the ALJ applied the "slight abnormality" standard.  The ALJ simply refers to the medical evidence and discredits the plaintiff's

---

[11] Hampton v. Bowen, 785 F.2d 1308, 1311 (5th Cir. 1986).

[12] Loza v. Apfel, 219 F.3d 378 (5th Cir. 2000) citing Brown v. Bowen, 864 F.2d 336, 337 (5th Cir. 1988); Hampton, supra, at 1311 (5th Cir. 1986); Sewell v. Heckler, 764 F.2d 291, 294 (5th Cir. 1985); and, Martin v. Heckler, 748 F.2d 1027, 1032-04 (5th Cir. 1984).

[13] Hampton, 785 F.2d at 1311.

testimony with respect to her limitations and the degree of her mental impairment. This Court cannot find a reference to the "slight abnormality" standard anywhere in this ALJ's analysis to indicate that he applied the correct standard in determining that the claimant's mental impairment was not a severe impairment. The matter therefore should be remanded for consideration of the severity of plaintiff's mental impairments under the correct legal standard.

The Court must further point out that while the Fifth Circuit has also established that an ALJ's failure to cite to Stone v. Heckler was harmless legal error that did not impact the step four decision, the situation presented in the instant case is substantially different from the situations presented in those Fifth Circuit cases where no claim of reversible error arose from the ALJ's failure to explicitly reference the Stone v. Heckler standard. In those cases the ALJ proceeded beyond the second step of the five-step analysis in analyzing the claimant's non-severe impairment. See, Reyes v. Sullivan, 915 F.2d 151, 154 n.1 (5th Cir. 1990); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988); Shipley v. Bowen, 812 F.2d 934, 935 (5th Cir. 1987); Lopez v. Bowen, 806 F.2d 632, 634 n.1 (5th Cir. 1986).

In these cases, the failure to explicitly apply the Stone v. Heckler standard did not give rise to reversible error because the reviewing court could infer that the ALJ found that the **impairments in question** were, in fact, severe such that the claimant was not prejudiced by any legal error in the application of the severity regulation. The reviewing court could properly draw this inference due to the fact that the ALJ considered the **impairments in question** at later stages of the five-step analysis, stages of the analysis that were premised on a finding, at the second step of the analysis, that the impairments

7

were severe.  See Reyes, supra (court could infer that ALJ found that the claimant's hypertension was a severe impairment because the ALJ found that the hypertension did not prevent the claimant from performing his past relevant work); Mays, supra (court could infer that ALJ found that the claimant's neck injury was a severe impairment because the ALJ found that the injury did not prevent the claimant from performing other available work); Shipley, supra (court could infer that ALJ found that the claimant's back injury was a severe impairment because the ALJ found that the injury did not meet or equal a listed impairment and did not prevent the claimant from performing work as a security guard); Lopez, supra (court could infer that ALJ found that the claimant's impairments were severe because the ALJ found that the impairments did not prevent the claimant from performing his past relevant work during the period in question).

These cases are clearly distinguishable in substance from the instant case where the ALJ undeniably found that the claimant's mental impairment was not a severe impairment and proceeded beyond the second step of the analysis only with respect to the other claimed impairments, i.e. frozen left shoulder, depression, degenerative joint disease, and degenerative disc disease. (Tr. 17-18.)  The Court, therefore, cannot infer that the impairment in question (plaintiff's mental impairment) was found to be severe and, in the absence of some reference to the proper standard, cannot infer that the ALJ applied the correct legal standard in addressing this mental impairment.

Because this case must be remanded to the Commissioner for further consideration, the Court need not address the claimant's remaining allegations of error.[14]

---

[14] Jason, 767 F.2d at 86 (case remanded for further consideration and remaining allegations of error not addressed).

## RECOMMENDATION

Accordingly, for the foregoing reasons, it is the recommendation of the Magistrate Judge that the Commissioner's decision denying disability insurance be **REVERSED** and that the matter be **REMANDED** to the Commissioner pursuant to Sentence 4 of the Social Security Act for reconsideration of plaintiff's mental impairments in light of the "slight abnormality" standard set forth in the regulations and by Stone v. Heckler; and for further proceedings consistent with the ruling of the Court following its review of this report and recommendation, including the presentation of any further relevant evidence developed by the parties.[15]

Signed in chambers in Baton Rouge, Louisiana, January 24, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[15] Brenem v. Harris, 621 F.2d 688, 690, n.1 (5th Cir. 1980) ("with a remand ordered the hearing should cover all pertinent evidence," including evidence that might not otherwise warrant a remand for new evidence). Evidence that is pertinent or relevant, on remand, to the period of disability claimed herein does not include, however, evidence that relates only to any disabling condition that arose after the Commissioner's determination below. Johnson v. Heckler, 767 F. 2d 180, 183 (5th Cir. 1985). On the other hand, subsequent, non-contemporaneous medical records and testimony may be relevant to the question of whether disability existed at an earlier time. Ivy v. Sullivan, 898 F.2d 1045, 1048 (5th Cir. 1990).